UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO.:** 17-60098-civ-Zloch

CLAUDIO ALFONSO PALLARES,
SANTI EDWARD DIBELLA,
JAQUINN LEMAR PARRISH,
GUILLERMO RIVAS,
NICHOLAS ANDREW CARDULLO,
EDDY RAMON FUXA,
JORGE LUIS CLAVIJO,
CAREY FAZZIO,
REYNALDO JULIAN DIAZ,
GUILLERMO HORTH,
ELOY FERNANDEZ,
YAGNIEL CHAVIANO,
EDUVILIO CHAVIANO,
VICTOR ROLANDO RAMIREZ,
WAYNE DEMPS,
WILNER LUC,
JOAQUIN ANTONIO ZAPATA,

        Plaintiffs,

v.

CWC TRANSPORTATION, LLC,
CARLOS ASSAYAG,
CLEMENTE E. CRUZ,
WILLIAM MASARO,

        Defendants.

_____/

**AMENDED COMPLAINT**
*{Jury Trial Demanded}*

      Plaintiffs, CLAUDIO ALFONSO PALLARES, SANTI EDWARD DIBELLA, JAQUINN

LEMAR PARRISH, GUILLERMO RIVAS, NICHOLAS ANDREW CARDULLO, EDDY

RAMON FUXA, JORGE LUIS CLAVIJO, CAREY FAZZIO, REYNALDO JULIAN DIAZ,

GUILLERMO HORTH, ELOY FERNANDEZ, YAGNIEL CHAVIANO, EDUVILIO

CHAVIANO, VICTOR ROLANDO RAMIREZ, WAYNE DEMPS, WILNER LUC, and

1

JOAQUIN   ANTONIO   ZAPATA,   bring   this   action   against   Defendants,   CWC

TRANSPORTATION, LLC, CARLOS ASSAYAG, CLEMENTE E. CRUZ, and WILLIAM

MASARO, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and allege

as follows:

1.        Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.        At all times material hereto, Plaintiffs were residents of the State of Florida and

"employees" of Defendants as defined by the FLSA.

3.        At all times material hereto, Defendant, CWC TRANSPORTATION, LLC, was a Florida

corporation with its principal place of business in Broward County, Florida, engaged in commerce

in the field of transportation of petroleum products, at all times material hereto was the "employer"

of Plaintiffs as that term is defined under statutes referenced herein, engaged along with its

employees in interstate commerce, and has annual gross sales and/or business volume of $500,000

or more.

4.        Plaintiffs were employed by Defendants as drivers.

5.        Defendant, CARLOS ASSAYAG, is a resident of Broward County, Florida and was, and

now is, the manager, owner, and corporate officer of Defendant, CWC TRANSPORTATION, LLC;

said Defendant acted and acts directly in the interests of Defendant, CWC TRANSPORTATION,

LLC, in relation to said co-Defendant's employees. Defendant effectively dominates CWC

TRANSPORTATION, LLC administratively and otherwise acts, or has the power to act, on behalf

of the corporation vis-a-vis its employees and had the authority to direct and control the work of

others. Thus, CARLOS ASSAYAG was and is an "employer" of the Plaintiffs within the meaning

of 29 U.S.C. §203(d).

6.      Defendant, CLEMENTE E. CRUZ, is a resident of Broward County, Florida and was, and now is, the manager, owner, and corporate officer of Defendant, CWC TRANSPORTATION, LLC; said Defendant acted and acts directly in the interests of Defendant, CWC TRANSPORTATION, LLC, in relation to said co-Defendant's employees. Defendant effectively dominates CWC TRANSPORTATION, LLC administratively and otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, CLEMENTE E. CRUZ was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

7.      Defendant, WILLIAM MASARO, is a resident of Broward County, Florida and was, and now is, the manager, owner, and corporate officer of Defendant, CWC TRANSPORTATION, LLC; said Defendant acted and acts directly in the interests of Defendant, CWC TRANSPORTATION, LLC, in relation to said co-Defendant's employees. Defendant effectively dominates CWC TRANSPORTATION, LLC administratively and otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, WILLIAM MASARO was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

8.      Defendant CARLOS ASSAYAG controlled Plaintiffs' pay.

9.      Defendant CLEMENTE E. CRUZ controlled Plaintiffs' pay.

10.     Defendant WILLIAM MASARO controlled Plaintiffs' pay.

11.     Defendant WILLIAM MASARO controlled Plaintiffs' duties.

12.     Defendant CARLOS ASSAYAG had hiring and firing authority over Plaintiffs.

13.     Defendant CLEMENTE E. CRUZ had hiring and firing authority over Plaintiffs.

14.     Defendant WILLIAM MASARO had hiring and firing authority over Plaintiffs.

15.     Defendants failed to pay Plaintiffs their full and proper overtime wages of 1.5 times Plaintiffs' regular hourly rates for all hours worked over 40 each week.

16.     Plaintiffs have attached statements of claims as Exhibit A, Exhibit B, Exhibit C, Exhibit D, Exhibit E, Exhibit F, Exhibit G, Exhibit H, Exhibit I, Exhibit J, Exhibit K, Exhibit L, Exhibit M, Exhibit N, Exhibit O, Exhibit P, and Exhibit Q to provide preliminary estimates of their damages. These amounts may change as Plaintiffs engage in the discovery process.

17.     Defendants have knowingly and willfully refused to pay Plaintiffs their legally-entitled wages.

18.     Plaintiffs have complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

19.     Plaintiffs have retained the services of the undersigned and is obligated to pay for the legal services provided.

**COUNT I**
**VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")**
**ALL DEFENDANTS**

20.     Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-19 above as if set forth herein in full.

21.     Plaintiffs allege this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiffs are entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

22.     Plaintiffs seek recovery of damages as referenced above and further seek interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

        WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on May 17, 2017 with the Clerk of Court using CM/ECF along with having served all counsel of record or pro se parties identified on the service list incorporated herein in the manner specified, either via transmission of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notice of Electronic Filing.

_____
Elliot Kozolchyk, Esq.

## SERVICE LIST

Randy M. Goldberg, Esq.
*Counsel for Defendants*
Randy M. Goldberg & Associates, P.A.
1101 SW 71st Ave
Plantation, FL 33317
Tel: (754) 224-0867
E-mail: rmgesq@comcast.net, randymgoldberg@gmail.com