UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 17-CV-60098-WJZ

CLAUDIO ALFONSO PALLARES,
SANTI EDWARD DIBELLA,
JAQUINN LEMAR PARRISH,
GUILLERMO RIVAS,
NICHOLAS ANDREW CARDULLO,
EDDY RAMON FUXA,
JORGE LUIS CLAVIJO,
CAREY FAZZIO,
REYNALDO JUKIAN DIAZ,
GUILLERMO HORTH,
ELOY FERNANDEZ,
YAGNIEL CHAVIANO,
EDUVILIO CHAVIANO,
VICTOR ROLANDO RAMIREZ,
WAYNE DEMPS,
WILNER LUC,
JOAQUIN ANTONIO ZAPATA,
                    Plaintiffs,

Vs.

CWC TRANSPORTATION, LLC,
CARLOS ASSAYAG,
CLEMENTE E. CRUZ,
WILLIAM MASARO,
                    Defendants.
_____/

## MOTION TO DISMISS AMENDED COMPLAINT & MEMORANDUM OF LAW IN SUPPORT

The Defendants CWC TRANSPORTATION, LLC ("CWC"); CARLOS ASSAYAG

("Assayag"); CLEMENTE E. CRUZ, ("Cruz"); and WILLIAM MASARO ("Masaro"),

collectively referred to as the "Defendant," in accordance with Rule 12, of the Federal Rules of

1

Civil Procedure, file this Motion to Dismiss the Amended Complaint [DE-30] filed by the Plaintiffs as the Plaintiffs have failed to state a claim for which relief can be granted, and in support thereof the Plaintiffs (collectively the "Plaintiff" or "Plaintiffs") states:

1.      The Plaintiffs, allege that all times material hereto, they were truck drivers delivering petroleum products for their employer, the Defendant, and who collectively are engaged in interstate commerce.  (DE-1, Para 3 & 4; DE-30, Para.3 and 4).

2.      The Plaintiffs claim that they are entitled to overtime compensation from their employer, the Defendant (DE-30, Complaint Para. 21) in accordance with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. s. 216 (b) and 29 U.S.C. s. 201, et.seq.

3.      The Plaintiffs fail to state a claim for which relief can be granted in that they are not entitled to overtime wages, because the Plaintiff is an exempt employee under the FLSA's section 13(b)(1) Motor Carrier Exemption ("MCA") and as such is not entitled to overtime pay. *See 29* U.S.C.§ 213(b)(1).

4.      The Defendant has retained the services of the undersigned attorney to represent them in this action and accordingly have agreed to pay a reasonable fee for the undersigned's services along with the costs associated with this action.

## MEMORANDUM OF LAW IN SUPPORT

Failure to state a claim for which relief can be granted is one of the delineated defenses set forth in Rule 12(b)(1) of the Federal Rules of Civil Procedure, which is the Defendant's basis for this Motion to Dismiss.

In ruling on a Motion to Dismiss, the court must accept the non-moving party's allegations as true. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).  It is very important to note

2

that the Plaintiff clearly affirms in his Complaint that: (i) the Plaintiff is a professional truck driver; (ii) is employed by the Defendant; and (iii) that the Defendant's business and the Plaintiffs' employment as petroleum fuel truck drivers are engaged in "interstate commerce." (DE-1, Para 3 & 4; DE-30, Para.3 and 4).

In furtherance of the facts delineated by the Plaintiffs, it should be noted that as a professional truck driver who delivers petroleum products, the Plaintiff is required by 49 U.S.C. 31308, et.seq. to have a United States Department of Transportation, Commercial Driver's License ("CDL"). All of the Plaintiffs have CDL. Further, the Defendant is mandated to be certified by the United States Department of Transportation in order to be authorized to engage in transportation as a common carrier of petroleum products by motor carrier in interstate or foreign commerce. The Defendant met this mandate in August 2007, when the Department of Transportation ("DOT") issued the Defendant its Certificate, number MC-606256-C. A copy of this Certificate is attached hereto and incorporated by reference as Exhibit A to this motion. In addition, the DOT has issued the Defendant the Hazardous Materials Certificate of Registration, Registration No. 061616-551-064YA, a copy of which is attached hereto as Exhibit B. If the DOT did not issue both Exhibit A and Exhibit B to the Defendant, the Defendant could not engage in the transportation of petroleum products in interstate commerce. Furthermore, without the Plaintiffs possessing a CDL, the Plaintiffs could not be employed by the Defendants to drive their trucks and deliver petroleum products.

To survive a motion to dismiss, a complaint must contain sufficient facts to state a claim for relief that is plausible on its face (see *Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)*). The present action by virtue of the controlling authority cited herein, specifically the Fair Labor

Standards Act ("FLSA") and the Motor Carrier Act (MCA) 29 U.S.C. § 213(b)(1) and the factual basis set forth by the Plaintiff themselves in their Amended Complaint [DE-30], cannot survive this present Motion to Dismiss as the Plaintiff is not entitled to overtime compensation as a matter of law.

It is well established that the Fair Labor Standards Act (FLSA) provides that employers must pay non-exempt employees at "one and one-half times the regular rate" for time worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1). However, the FLSA exempts "any employee with respect to whom the Secretary of Transportation ("Secretary") has power to establish qualifications and maximum hours of service" under the Motor Carrier Act (MCA). 29 U.S.C. § 213(b)(1) (hereafter, "the MCA Exemption").

The 11th Circuit Court of Appeals in *Lewis v. Eskridge Trucking Co*. No. 11-11366 (11th Cir., 2011), where the Court upheld the District Court's Summary Judgement in favor of the Defendant trucking company, held that an employee is exempt from the overtime provisions of the Fair Labor Standards Act if he is subject to the rules promulgated by the Secretary of Transportation ("Secretary") under the Motor Carrier Act. *Spires v. Ben Hill Cnty., 980 F.2d 683*, 686 (11th Cir. 1993). The Secretary regulates employees who work for a private motor carrier (i.e the Defendant) that provides transportation in interstate commerce and whose work activities affect the "safety of operation" of that motor carrier, 29 C.F.R. § 782.2, including truck drivers (i.e. the Plaintiff), mechanics, loaders, and helpers, *Levinson v. Spector Motor Serv.*, 330 U.S. 649, 673, 67 S. Ct. 931, 943 (1947).

According to the United States Department of Labor ("DOL") regulations enforcing the FLSA and the applicability of the Motor Carrier Exemption "depends both on the class to which

4

the employee's employer belongs and on the class of work involved in the employee's job." 29 C.F.R. § 782.2(a). Thus, to qualify for the Motor Carrier Exemption, the Defendant/employer must establish two things: (1) that the Defendant is a carrier who is subject to the Secretary of Transportation's jurisdiction and (2) that the employer's employees (i.e. the Plaintiff) engages in activity that affects the safety of operation of motor vehicles in the transportation of passengers or property in interstate commerce. *See* 29 C.F.R. §§ 782.2(a)-(b) (2); *Mena v. McArthur Dairy, LLC,* 352 Fed. Appx. 303, 306 (11th Cir. 2009).

The first prong, whether an employer is properly classified as a motor carrier under the jurisdiction of the Secretary of the Department of Transportation, is always satisfied where the Secretary has exercised jurisdiction over the employer. *See Mena v. McArthur Dairy, LLC,* 352 Fed. Appx. 303, 306 (11th Cir. 2009). Here, the Plaintiff acknowledged in their original Complaint and in their Amended Complaint (DE-1, Para 3 & 4; DE-30, Para.3 and 4) that they work as a truck driver delivering petroleum products for the Defendant in interstate commerce. Additionally, the Defendant is registered and regulated by the Department of Transportation as being engaged in interstate commerce, as evidenced by the Defendant's DOT Certification number is MC-606256-C, (Exhibit A and Exhibit B.) The Defendant, is a "motor carrier" subject to the Secretary's MCA jurisdiction. See 49 U.S.C. §§ 13102(14), 13501, in that the Defendant delivers petroleum products from various ports and terminals to retail gas stations located in Florida, Georgia, North Carolina and South Carolina. Accordingly, there can be no logical dispute that the Defendant is properly classified as a motor carrier,[1] under the dominion and

---

[1] *See Walters v. American Coach Lines Of Miami, Inc.,* 575 F.3d 1221, 1226 (11th Cir. 2009) ("[T]he Secretary of Transportation does not have to exercise the authority granted to him by the [Motor Carrier Act] for the motor carrier

control of the Secretary of the Department of Transportation.

The second prong is whether the employer's (i.e. the Defendant's) employees (i.e. the Plaintiff) engages in activity that affects the safety of operation of motor vehicles in the transportation of passengers or property in interstate commerce.  As truck drivers, the plaintiffs performed job duties that affected "the safety of operation" of motor vehicles. *Levinson v. Spector Motor Serv.*, 330 U.S. 649, 677-78 (1947); 29 C.F.R. § 782.3(b).

The Motor Carrier Act gives the Secretary of Transportation the general power to prescribe "qualifications and maximum hours of service of employees of, and standards of equipment, of a motor private carrier, when needed to promote safety of operation." 49 U.S.C. § 31502(b)(2). A "motor private carrier" is defined as a person, other than a motor carrier, transporting property by motor vehicle when: (i) the transportation is as provided in section 13501 of this title; (ii) the person is the owner, lessee, or bailee of the property being transported; and (iii) the property is being transported for sale, lease, rent, or bailment or to further a commercial enterprise.49 U.S.C. § 13102(15).

In the case at bar the Defendant meets the definition of being a "Motor Private Carrier" in the transportation of petroleum products by the Plaintiffs for their employer, the Defendant.  The Defendant is the bailee of the petroleum products during the time that the Plaintiff picks up his approximately 8,500 gallons of fuel at the suppliers terminal at Port Everglades on behalf of the Defendant and delivers it to the retail gas stations, as part of the commercial contracts and enterprise between the Defendant, the supplier, and the gas station.  Accordingly, the Defendant clearly meets the criteria to be considered a Motor Private Carrier.

---

exemption to be applicable; instead, his power to regulate under the act merely needs to cover a particular group of

Further, the Plaintiffs pursuant to 49 U.S.C. s.390, et.seq. are required by the DOT to have a specific type of Commercial Driver's License, ("CDL"). As a CDL licensee, the Plaintiff in accordance with DOT regulation 49 CFR s. 395 is limited in the amount of hours that he may work (i.e. 70 hours per week.) This is one of many regulations that the Plaintiff as a truck driver is bound by. This clearly demonstrates that the Plaintiff is under the supervision and regulation of the DOT.

In further support of the Defendant's position, and which the Defendant relied upon, the U.S. Department of Labor ("DOL") on January 11, 2005, issued their Opinion titled "FLSA-2005-10," ("DOL Opinion" or "Opinion.")[2] This Opinion is instructive for many reasons but, in particular, the factual basis set forth in the opinion is clearly analogous and on-point with the actions, duties, and responsibilities, of the parties to this action.

The DOL Opinion addresses the DOL's official and published opinion as to the application of the FLSA's section 13(b)(1) Motor Carrier Exemption to drivers such as the Plaintiffs herein, who are working for the Defendant, a common carrier of petroleum products which involves the transportation by truck of shipments of gasoline, diesel fuel, and ethanol that have previously moved across state lines by pipeline, rail, or ship to a temporary terminal point. These petroleum products have been produced by major petroleum refining companies like Chevron, Marathon, Exxon-Mobil, and Valero ("Suppliers") and shipped by various means (ship, pipeline, or truck) from the refineries located out of the state of Florida to their temporary holding facilities at Port Everglades, Florida. At this point in the transportation process the

---

employees.")
[2] This 2005 opinion rescinds the DOL's prior FLSA and DOL opinion letters dated March 19, 1974, April 1, 1981, August 23, 1982, and January 24, 1985 to the extent that these letters conflict with the position described above.

Plaintiff in this action, picks up the petroleum products in his approximate 80,000 lbs tractor trailer and over this final and last leg of the delivery of the petroleum products delivers them to the Defendants' local contractually bound retail gas stations.  The foregoing is supported by an affidavit and composite exhibit provided by the Defendant, which is attached hereto as Exhibit C.

This Opinion unequivocally holds that the Plaintiffs are not entitled to overtime compensation as they are exempt from overtime in accordance with Section 13 (b)(1). Accordingly, the Plaintiff is unable to state a cause of action for which relief can be granted.  As such, this action should be dismissed with prejudice.

The Plaintiffs by their own acknowledgements in their Complaint and the Amended Complaint (DE-1, Para 3 & 4; DE-30, Para.3 and 4) state that they are in fact engaged in interstate commerce, which is more than a sufficient factual basis for this Court to find that the parties hereto are subject to the Motor Carrier Exception to the FLSA and as such, the Plaintiff is statutorily prevented from overtime compensation from the Defendant.  Accordingly, this present action should be dismissed with prejudice.

As noted throughout this motion, the 11th Circuit Court of Appeals along with District Courts in the State of Florida have addressed the same issue that is presently before the Court on numerous occasions prior to this present action being filed.

The 11th Circuit in Mena v. McArthur Dairy, LLC, 352 Fed. Appx. 303, 306 (11th Cir. 2009), upheld the trial court's granting of a Summary Judgment in favor of the Defendant employer, as Mena drove a truck for McArthur Dairy, who like the Defendant herein is registered with the Federal Motor Carrier Safety Administration of the United States Department of Transportation (DOT) and operates under an assigned DOT Number.  McArthur Dairy like the

8

Defendant at bar, is registered as a private motor carrier.  However, McArthur is authorized to haul refrigerated food and dairy products, while the Defendant at bar is authorized to haul petroleum products.  The Defendant, like MacArthur Dairy requires that its drivers comply with the Federal Motor Carrier Safety Regulations ("FMCSR").  McArthur like the Defendant maintains all required DOT records and a "driver qualification" file for each driver as required by the FMCSR.  McArthur's trucks, like the Defendant's trucks, were and are subjected to DOT inspections and its drivers are continuously being inspected.  In fact, the Defendant in the case at bar, employs three (3) in-house inspectors to make sure that the Defendant and the Defendants drivers (i.e. the Plaintiffs) are operating in compliance with the DOT.  As such, McArthur and the Defendant in the present action have established both elements of the motor carrier exemption.  The Plaintiffs herein, like Mena, cannot avail himself of the benefits of the overtime pay provision found in 29 U.S.C. § 207(a)(1).  Accordingly, the district court did not err in granting summary judgment to MacArthur Dairy, as Mena was exempted from the FLSA's overtime pay provision by virtue of the "motor carrier exemption" found in 29 U.S.C. § 213(b)(1).3

In Rodriguez v. Pan & Plus Baking, LLC Case Number: 12-23193-CIV-MORENO (S.D. Fla., 2013), the plaintiff, truck drivers similar to the Plaintiffs in this action, claimed they worked in excess of forty hours per week during their employment and were therefore entitled to overtime compensation from their former employers (similar to the Defendant in this action)

---

3 The district court agreed, finding that Mena met the two requirements needed to trigger the motor carrier exemption: (1) Mena was employed by a carrier whose transportation is subject to the Secretary of Transportation's jurisdiction under the Motor Carrier Act; and (2) Mena engaged in activities directly affecting the safety of operation of motor vehicles while moving property in interstate commerce.

under the FLSA. However, the Southern District Trial Court held that the plaintiffs are not due overtime wages because they are exempt employees under the Motor Carrier Exemption and thus not entitled to overtime pay. See 29 U.S.C.§ 213(b)(1).

The undisputed facts of this case, which are delineated herein includes the Plaintiff himself acknowledging that he was a truck driver for the Defendant, who was engaged in interstate commerce. Consequently, the Plaintiff is not entitled to overtime compensation as he is exempt in accordance with FLSA's section 13(b)(1) Motor Carrier Exemption. Accordingly, the Plaintiff is unable to state a cause of action for which relief can be granted. As such, this action should be dismissed with prejudice.

WHEREFORE, Defendant respectfully requests that this Court dismiss the Plaintiff's present action with prejudice, as the Plaintiff is not entitled to overtime compensation, as a matter of law; award the Defendant their reasonable attorney's fees and costs associated with defending this action; together with whatever further relief that this Court deems just and proper.

Respectfully submitted:

/s/ RANDY M. GOLDBERG, ESQUIRE
RANDY M. GOLDBERG & ASSOCIATES, PA
1101 SW 71ST Avenue
Plantation, FL 33317
754-224-0867
FBN: 045187
rmgesq@comcast.net

10

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a copy of this pleading which was filed with the Clerk of the Court was provided to the Defendant's attorney, Elliot Kozolchyk, Esquire, Koz Law, P.A. 320 SE 9th Street, Fort Lauderdale, FL 33316 @ ekoz@kozlawfirm.com via the Court's E-Portal on May 23, 2017.

/s/ RANDY M. GOLDBERG, ESQUIRE
RANDY M. GOLDBERG & ASSOCIATES, PA
1101 SW 71ST Avenue
Plantation, FL 33317
754-224-0867
FBN: 045187
rmgesq@comcast.net
randymgoldberg@gmail.com

11