UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-60098-civ-Zloch

CLAUDIO ALFONSO PALLARES, et al.,

        Plaintiffs,
v.

CWC TRANSPORTATION, LLC, et al.,

        Defendants.
_____/

**PLAINTIFFS' RESPONSE TO DEFENDANTS' FOURTH MOTION TO DISMISS
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs, Claudio Alfonso Pallares, Santi Edward Dibella, Jaquinn Lemar Parrish, Guillermo Rivas, Nicholas Andrew Cardullo, Eddy Ramon Fuxa, Jorge Luis Clavijo, Carey Fazzio, Reynaldo Julian Diaz, Guillermo Horth, Eloy Fernandez, Yagniel Chaviano, Eduvilio Chaviano, Victor Rolando Ramirez, Wayne Demps, Wilner Luc, Joaquin Antonio Zapata, Patrick Jocelyn, Thomas Ricci, and Jose Wilmar Jimenez Guataquira, file this response in opposition to Defendants' fourth motion to dismiss [DE 46] ("Motion"), and in support, state the following:

**I.**     **Legal Standard**

> A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milburn v. U.S.,* 734 F.2d 762, 765 (11th Cir.1984). On a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *SEC v. ESM Group. Inc.,* 835 F.2d 270, 272 (11th Cir.1988). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint must contain enough facts to indicate the presence of the required elements. *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1302 (11th Cir.2007). "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis,* 297 F.3d 1182,

1

> 1188 (11th Cir.2002). However, as long as the allegations rise above a speculative level, a well-pleaded complaint will survive a motion to dismiss " 'even if it appears that a recovery is very remote and unlikely.' " *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (*overruled on other grounds by Twombly,* 550 U.S. at 548–49 (citation omitted)).

*Roberts v. Caballero & Castellanos, PL,* No. 09-23131-CIV, 2010 WL 114001, at *1 (S.D. Fla. Jan. 11, 2010).

## II.   Background

This case involves claims for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). Plaintiffs worked as truck drivers for Defendant CWC Transportation, LLC, ("CWC"), a transporter of petroleum products by truck, and Defendants Carlos Assayag, Clemente E. Cruz, William Masaro, owners and managers of CWC.

On February 3, 2017, Defendants filed two identical motions to dismiss [DE 8 and 9] for the wrong case and with the wrong case caption. Defendants also filed the same motion to dismiss twice in the correct case, *Avila v. CWC Transportation, LLC et al*, Case No. 17-60041-Ungaro/Otazo-Reyes at DE 8 and 9. The Court in *Avila* denied Defendants' two motions to dismiss at DE 13. The Court in this case denied Defendants' motions to dismiss as moot. [DE 28]

Defendants moved to dismiss a third time in this case at DE 33 asserting the same arguments as in their prior motions to dismiss. The Court denied Defendants' third motion to dismiss as moot at DE 37 because of Plaintiffs amending their Complaint.

Defendants now file a fourth motion to dismiss at DE 46. Defendants argue once more that Plaintiffs' Amended Complaint [DE 30] fails to state a claim under Fed.R.Civ.P. 12(b)(6).[1] In support, Defendants assert the affirmative defense that the Motor Carrier Exemption applies.

---

[1] Although Defendants do not actually cite Fed.R.Civ.P. 12(b)(6) anywhere in their second motion to dismiss, Defendants broadly cite Fed.R.Civ.P. 12 in their introductory paragraph at p. 1. At the bottom of p. 2 of Defendants' motion, they incorrectly cite Fed.R.Civ.P. 12(b)(1), which pertains

2

The Court's analysis in *Avila* applies here and Plaintiff reincorporates those arguments by reference:[2]

> Plaintiff responds to Defendants' arguments in two ways. First, Plaintiff argues that Defendants improperly ask the Court to look beyond the four corners of Plaintiff's Complaint. D.E. 10 pp. 3-7. Second, Plaintiff argues that the motor carrier exemption is an affirmative defense, on which the employer bears the burden of proof, such the "allegations in Plaintiff's Complaint are not required to negate the possibility that Plaintiff is exempt under the Motor Carrier Exemption to avoid dismissal." *Id.*
>
> The Court agrees with Plaintiff and rejects Defendants' invitation to rely on their unsupported statements in their Motions, as well as extrinsic evidence, in ruling on their Motions to Dismiss.
>
> In particular, Defendants ask the Court to rely on: (1) Defendants' unsupported representations concerning Plaintiff's role as their employee; (2) Defendant[s'] unsupport[ed] representations concerning Defendants' business; and (3) extrinsic evidence concerning CWC's DOT registration. D.E. 10. However, **none** of these pieces of argument or evidence are either alleged or can be inferred from the allegations in Plaintiff's Complaint. D.E. 1; D.E. 10. Because the Court is limited to the four corners of Plaintiff's Complaint in ruling on a motion to dismiss under Rule 12(b)(6) and, based on Plaintiff's allegations, cannot find that Defendants satisfy **either** prong of the motor carrier exemption, Defendants' Motions are denied. *Speaker v. U.S. Dep't of Health & Human Servs. Centers for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010); *Burton v. Hillsborough Cty., Fla.*, 181 F. App'x 829, 840 (11th Cir. 2006) (plaintiff not required to negate application of FLSA exemption, which is an affirmative defense, in her complaint); *see Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1383 (S.D. Fla. 2012) ("A plaintiff is not required to negate the possibility of independent

*Avila* at DE 13, pp. 5-6. Emphasis in original.

---

to motions to dismiss based on a lack of subject-matter jurisdiction. Given Defendants' repeated argument that Plaintiffs have failed to state a claim for which relief can granted, however, it appears that Defendants mean to cite Fed.R.Civ. P. 12(b)(6), which provides for motions to dismiss based on a failure to state a claim upon which relief can be granted.

[2] Attached as Exhibit A is the Court's Order in *Avila*.

The allegations in Plaintiffs' Complaint are not required to negate the possibility that Plaintiffs are exempt under the Motor Carrier Exemption to avoid dismissal. *See Burton v. Hillsborough Cty., Fla.*, 181 F. App'x 829, 840 (11th Cir. 2006)(plaintiff not required to negate application of FLSA exemption, which is an affirmative defense, in the complaint); *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1383 (S.D. Fla. 2012)("A plaintiff is not required to negate the possibility of independent contractor status in order to avoid dismissal."); *Roberts v. Caballero & Castellanos, PL*, No. 09-23131-CIV, 2010 WL 114001, at *3 (S.D. Fla. Jan. 11, 2010)(plaintiff need not plead "allegations that rebut [the employer's] defense that she was an independent contractor"; the independent contractor exemption is "outside the scope of what the Court may consider on a motion to dismiss under [Rule] 12(b)(6) because the Court's analysis is limited to the four corners of [the employee's] Complaint").

**III.    Plaintiff was not engaged in interstate commerce.**

Plaintiffs' Amended Complaint separately alleges that Defendants engaged in interstate commerce and that Defendants employed Plaintiffs as truck drivers:

> 3. At all times material hereto, Defendant, CWC TRANSPORTATION, LLC, was a Florida corporation with its principal place of business in Broward County, Florida, ==engaged in commerce in the field of transportation of petroleum products==, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, ==engaged along with its employees in interstate commerce==, and has annual gross sales and/or business volume of $500,000 or more.

> 4. ==Plaintiffs were employed by Defendants as drivers.==

4

Nowhere in Plaintiffs' Amended Complaint do Plaintiffs allege that they are personally engaged in interstate commerce. Instead, Plaintiffs separately allege that (1) Plaintiffs were employed by Defendants as drivers,[3] and that (2) Defendants engaged in interstate commerce:[4]

Notably, Defendants' prior motions to dismiss [DE 8 and 9] acknowledged these allegations as separate and distinct:

> 1. The Plaintiff, alleges that all times material hereto, that he was a truck driver delivering petroleum products for his employer the Defendant who is engaged in interstate commerce. (Complaint Para. No. 3 and 4). The Plaintiff regularly operated petroleum trucks with gross weight (GCWR) greater than 10,001 lbs., as the Defendant does not own or operate fuel delivery trucks of a lesser size.

[5]

Defendants' new motion to dismiss [DE 46] rewrote ¶ 1 to conflate Plaintiffs' separate allegations:

> 1. The Plaintiffs, allege that all times material hereto, they were truck drivers delivering petroleum products for their employer, the Defendant, and who collectively are engaged in interstate commerce. (DE-1, Para 3 & 4; DE-30, Para.3 and 4).

Defendants devote the remainder of their 10-page motion to conflating Plaintiffs' separate allegations that (1) Plaintiffs were employed by Defendants as drivers,[6] and that (2) Defendant CWC Transportation, LLC engaged in interstate commerce.[7]

Defendants' motion at pp. 2-3 includes the following compound statement:

> It is very important to note that the Plaintiff clearly affirms in his Complaint that: (i) the Plaintiff is a professional truck driver; (ii) is employed by the Defendant, and (iii) **that the Defendant's [sic]**

---

[3] Plaintiffs' Complaint [DE 1] at ¶ 4.
[4] *Id.* at ¶ 3
[5] DE 8 and 9 at ¶ 1.
[6] Plaintiffs' Second Amended Complaint [DE 45] at ¶ 4.
[7] *Id.* at ¶ 3

5

> **business and the Plaintiffs' employment as petroleum fuel truck drivers are engaged in "interstate commerce."** (DE-1, Para 3 & 4; DE-30, Para.3 and 4).

Emphasis added.

Breaking down Defendants' compound statement: Plaintiffs' Amended Complaint does allege that Defendants' business is engaged in interstate commerce.[8] Plaintiffs' Amended Complaint **does not** allege that "Plaintiffs' employment as petroleum fuel truck drivers are engaged in 'interstate commerce.'"

Defendants' Motion at p. 8:

> **The Plaintiffs by their own acknowledgements in their Complaint and the Amended Complaint (DE-I, Para 3 & 4; DE-30, Para.3 and 4) state that they are in fact engaged in interstate commerce**, which is more than a sufficient factual basis for this Court to find that the parties hereto are subject to the Motor Carrier Exception to the FLSA and as such, the Plaintiff is statutorily prevented from overtime compensation from the Defendant. Accordingly, this present action should be dismissed with prejudice.

Emphasis added.

Plaintiffs **do not** allege in either their Complaint or Amended Complaint that "they are in fact engaged in interstate commerce."

Defendants' Motion at pp. 9-10:

> **The undisputed facts of this case, which are delineated herein includes [sic] the Plaintiff [sic] himself [sic] acknowledging that he [sic] was a truck driver for the Defendant, [sic] who was engaged in interstate commerce.** Consequently, the Plaintiff [sic] is not entitled to overtime compensation as he [sic] is exempt by FLSA's Section 13(b)(l) Motor Carrier Exemption. Accordingly, the Plaintiff [sic] is unable to state a cause of action for which relief can be granted. As such, this action should be dismissed with prejudice.

Emphasis added.

---

[8] *Id.*

Plaintiffs acknowledge that they are truck drivers and that Defendants engaged in interstate commerce. Plaintiffs **do not** acknowledge Plaintiffs engaged in interstate commerce.

Plaintiffs **were not** engaged in interstate commerce. Nowhere in Plaintiffs' Second Amended Complaint do Plaintiffs allege that they were engaged in interstate commerce.

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendants' Motion [DE 33] and request for attorneys' fees and costs.

>
> Respectfully submitted,
>
> Koz Law, P.A.
> 320 S.E. 9th Street
> Fort Lauderdale, Florida 33316
> Phone: (786) 924-9929
> Fax:    (786) 358-6071
> Email:  ekoz@kozlawfirm.com
>
> /s/ Elliot A. Kozolchyk
> _____
> Elliot Kozolchyk, Esq.
> Bar No.: 74791

**CERTIFICATE OF SERVICE**

       I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on September 18, 2017 with the Clerk of Court using CM/ECF along with having served all counsel of record or pro se parties identified on the service list incorporated herein in the manner specified, either via transmission of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notice of Electronic Filing.

*/s/ Elliot A. Kozolchyk*
Elliot Kozolchyk, Esq.

**SERVICE LIST**

Randy M. Goldberg, Esq.
*Counsel for Defendants*
Randy M. Goldberg & Associates, P.A.
1101 SW 71st Ave
Plantation, FL 33317
Tel: (754) 224-0867
E-mail: rmgesq@comcast.net, randymgoldberg@gmail.com