UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 17-CV-60098-WJZ

CLAUDIO ALFONSO PALLARES,
et al,
               Plaintiffs,

Vs.

CWC TRANSPORTATION, LLC,
CARLOS ASSAYAG,
CLEMENTE E. CRUZ,
WILLIAM MASARO,
               Defendants.
_____/

## DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO THE DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT & MEMORANDUM OF LAW IN SUPPORT

The Defendants CWC TRANSPORTATION, LLC ("CWC"); CARLOS ASSAYAG ("Assayag"); CLEMENTE E. CRUZ, ("Cruz"); and WILLIAM MASARO ("Masaro"), collectively referred to as the "Defendant," in accordance with Rule 12, of the Federal Rules of Civil Procedure, and Rule 7.1 of the Florida Southern District Rules of Procedure, file this Reply to the Plaintiffs' Response to the Defendants' Motion to Dismiss the Second Amended Complaint [DE-49], and in support thereof states:

### Plaintiffs' Response To The Motion To Dismiss Was Untimely Filed And Should Be Stricken.

1.     The Second Amended Complaint [DE-45] was filed with the Court on August 11, 2017.

1

2.      The Plaintiffs' filed their Motion to Dismiss the Second Amended Complaint [DE-46] on August 15, 2017.

3.      In accordance with Local Rule 7.1(C)(1)(a), and as further reflected in the Court's CM/ECF Docketing Report, the Plaintiff's Response to the Defendants' Motion to Dismiss was required to be filed within fourteen (14) days of the Defendant's Motion to Dismiss [DE-46] (i.e. August 29, 2017).

4.      The Plaintiffs' did not file their Response to the Motion to Dismiss [DE-49] until September 18, 2017; twenty (20) days beyond the required due date.[1]

5.      Therefore, the Plaintiffs' Response to the Motion to Dismiss was untimely and should be stricken.

## Alternative Pleading by the Defendants

If this Honorable Court chooses not to strike the Plaintiff's Response to the Motion to Dismiss for being untimely, the Defendants plead in the alternative the following in regards to the Plaintiffs' Response to the Motion to Dismiss the Second Amended Complaint.

## Plaintiffs' Were Engaged in Interstate Commerce

The Plaintiffs are pleading in their Response to the Motion to Dismiss, that they are not engaged in interstate commerce. However, Plaintiffs' argument is clearly contrary to what they specifically pled in not only their Second Amended Complaint [DE-45], but in their First Amended Complaint [DE-30] and in their Original Complaint [DE-1]; that:

> 3. At all times material hereto, Defendant, CWC TRANSPORTATION, LLC, was a Florida corporation with its principal place of business in Broward County,

---

[1] Hurricane Warnings for Irma did not go into effect until 11:00PM on September 8, 2017 and Landfall was not until September 10, 2017; well past the Plaintiff's time frame for the filing of their Response to the Motion to Dismiss. Accordingly, Irma was not a factor in the delay of the Plaintiff's filing of their Response.

2

> Florida, engaged in commerce in the field of transportation of petroleum products, at all times material hereto was the "employer" of Plaintiffs as that term is defined under statutes referenced herein, <u>engaged along with its employees in interstate commerce</u>, and has annual gross sales and/or business volume of $500,000 or more. (Emphasis Added.)[2]

The plain language of paragraph 3 of the Second Amended Complaint is clear; the "employer" of Plaintiffs as that term is defined under statutes referenced herein, <u>engaged along with its employees in interstate commerce</u>. *Id*. In paragraph 4 of the Second Amended Complaint, the Plaintiff's acknowledged that: "Plaintiffs were employed by the Defendants as drivers."[3]

The Plaintiffs recognize that their own averments within their Second Amended Complaint along with their previous filed versions of the Complaint clearly invokes the requirements of the Motor Carrier Exemption[4] into the four (4) corners of the Complaint. Accordingly, the Second Amended Complaint fails to state a cause of action for which relief can be granted.

The Plaintiffs' primary theme throughout their Response to the Motion to Dismiss appears to be to parse their pleadings before the Court in order to direct the Court's attention away from the plain and simple language of their own pleadings.

As previously noted, the Complaint clearly invokes the requirements of the Motor Carrier Exemption into the four (4) corners of the Complaint. Accordingly, the Second Amended Complaint fails to state a cause of action for which relief can be granted. To that end, the Second

---

[2] ¶3 of the Second Amended Complaint [DE-45].
[3] ¶4 of the Second Amended Complaint [DE-45].
[4] FLSA's section 13(b)(1) Motor Carrier Exemption; *See* 29 U.S.C.§ 213(b)(1).

Amended Complaint should be dismissed for failure to state a cause of action for which relief can be granted.

It is well recognized that a motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *See Milburn v. United States,* 734 F.2d 762, 765 (11th Cir. 1984). On a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See SEC v. ESM Group, Inc.,* 835 F.2d 270, 272 (11th Cir.1988), *cert. denied sub nom. Peat Marwick Main & Co. v. Tew,* 486 U.S. 1055, 108 S. Ct. 2822, 100 L. Ed. 2d 923 (1988). Further, consideration of matters beyond the complaint is improper in the context of a motion to dismiss. *See Milburn,* 734 F.2d at 765 (11th Cir.1984). The Defendants in the case at bar, are not asking the Court to look beyond the four (4) corners of the Second Amended Complaint. The Defendants are requesting that this Honorable Court look at what the Plaintiffs; specifically pled.

A court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (citations omitted); *see South Florida Water Management Dist. v. Montalvo,* 84 F.3d 402, 406 (11th Cir.1996). Nonetheless, to withstand a motion to dismiss, it is axiomatic that the complaint must allege facts sufficiently setting forth the essential elements of a cause of action.

In the case at bar, the Plaintiff's specifically pled that the Defendants, "engaged along with its employees in interstate commerce." The Plaintiffs' own allegation as applied to the standard established by the Court in *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (citations omitted); *see South Florida Water Management Dist. v. Montalvo,* 84

F.3d 402, 406 (11th Cir.1996), clearly establishes that the plaintiff can no longer prove a set of facts in support of their claim which would entitle the Plaintiffs' to relief. *Id*; as they have invoked the Motor Carrier exemption by their own averments in the Second Amended Complaint.

Accordingly, the Plaintiffs have failed to state a cause of action for which relief can be granted. As such, the Second Amended Complaint should be dismissed, with prejudice.

### **Plaintiffs' Request for Attorney's Fees and Costs is Meritless**

The Plaintiffs in their Wherefore Clause request: "Plaintiff respectfully requests that the Court deny Defendants' Motion [DE-33][5] and request for attorney's fees and costs." There is no foundation in law referenced for any claim for attorneys fees and costs associated with the Plaintiff's filings.

WHEREFORE, Defendants respectfully requests that this Court dismiss the Plaintiffs' Second Amended Complaint as a matter of law; deny the Plaintiff's claim for attorney's fees and costs; together with whatever further relief that this Court deems just and proper.

Respectfully submitted:

*Randy M. Goldberg, Esquire*
RANDY M. GOLDBERG & ASSOCIATES, PA
1101 SW 71ST Avenue
Plantation, FL 33317
754-224-0867
FBN: 045187
rmgesq@comcast.net

---

[5] DE-33 is the Defendants' Motion to Dismiss the First Amended Complaint. The Second Amended Complaint is DE-46.

CERTIFICATE OF SERVICE

      I hereby certify that a copy of this pleading which was filed with the Clerk of the Court was provided to the Defendant's attorney, Elliot Kozolchyk, Esquire, Koz Law, P.A. 320 SE 9th Street, Fort Lauderdale, FL 33316 @ ekoz@kozlawfirm.com via the Court's CM/ECF Portal on September 21, 2017.

*Randy M. Goldberg, Esquire*
RANDY M. GOLDBERG & ASSOCIATES, PA
1101 SW 71ST Avenue
Plantation, FL 33317
754-224-0867
FBN: 045187
rmgesq@comcast.net
randymgoldberg@gmail.com